IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDRA WILKES et al.

v.   Civil Action No. WMN-10-1683

GENZYME CORPORATION

* * * * * * * * * * * * * * *

**MEMORANDUM**

Plaintiffs are ten current or former employees of Defendant Genzyme Corporation (Genzyme) and they bring this action for unpaid wages and related penalties arising out of sales incentive and compensation plans offered by Genzyme. Plaintiffs were compensated, in part, through incentives based on the sales of certain products, particularly a certain brand of syringe manufactured by Genzyme. The gravamen of Plaintiffs' claims is that Genzyme routinely fails to collect the necessary data on syringe sales that would allow it to properly calculate Plaintiffs' compensation. The Complaint includes two counts: Count I asserts violations of the wage and hour commission laws "in each state where Genzyme operates," Compl. ¶ 29, and Count II asserts breaches of the respective contracts between each Plaintiff and Genzyme.

Plaintiffs currently reside in seven different states: two in Maryland, three in New Jersey, one in Florida, one in New York, one in Virginia, one in California, and one in Delaware. Defendant has filed a motion asking the Court to sever the claims of the individual Plaintiffs and, once severed, to dismiss the claims of all but one of the Maryland resident Plaintiffs. ECF No. 17. The motion is ripe.[1] Upon review of the motion and the applicable case law the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion to sever should be granted.

Under the permissive joinder provisions of Rule 20,

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). As Plaintiffs note, the rule is to be construed liberally "toward entertaining the broadest possible scope of action consistent with fairness to the parties."

---

[1] The motion also requested that the Court stay this action pending the resolution of the motion. The action was effectively stayed and the Court's ruling on the motion itself delayed while the parties anticipated a settlement conference with Magistrate Judge Susan Gauvey. Judge Gauvey has informed the undersigned that settlement efforts were unsuccessful so this motion is now ready for decision.

2

United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). Nevertheless, "Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. The court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Aleman v. Chugach Support Services, Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (internal quotations omitted).

Defendant has cited a number of factual differences relating to each Plaintiff's claims that Defendant contends render joinder inappropriate. Defendant notes that Plaintiffs: worked under different supervisors; were employed over different periods of time and, thus, were subject to different incentive compensation plans; and, worked in different geographical territories, subject to different quotas. The Court finds that these differences alone would not compel severance. For the most part, these differences would simply require independent calculations of damages which, while potentially confusing, could probably be done in a single proceeding.

Defendant, however, also urges severance based upon the fact that, because Plaintiffs are or were employed by Defendant in six different states - Maryland, Virginia, Florida, New York, New Jersey, and Delaware – a jury would be required to apply the law of six different states in resolving Plaintiffs' claims if their claims were all tried in a single proceeding. While the Complaint alleges that Defendant "violated and continues to violate wage and hour commission laws in each state where Genzyme operates," only three of these six states – Maryland, New York, and Delaware – actually have wage hour laws. See Md. Code Ann., Lab. & Empl. §§ 3-501 et seq.; N.Y. Lab. Law §§ 190 et seq.; Del. Code Ann., tit. 19, §§ 13-3201 et seq. Even among those states that have wage hour laws, the provisions of those statutes vary regarding damages and available defenses. Plaintiffs concede that the differences in the wage and hour claims of Plaintiffs employed in different states might justify the severance of those claims. Opp'n at 3.

While making that concession regarding their "ancillary wage and hour claims," Plaintiffs argue that "the relative simplicity of Plaintiffs' breach of contract claims," which they contend are common to all Plaintiffs, makes a single proceeding the means for the most efficient judicial resolution. Id. at 6. These contract claims, however, are not common to all Plaintiffs

4

as they are also governed by the unique law of the different states in which each particular Plaintiff was employed. As Defendant observes, the common law governing the interpretation of contracts varies significantly from state to state. See Reply at 4 (noting, as an example, the varying significance under the law of the various states given to the intention of the parties in forming a contract). In addition to differences in the substantive law, Defendants also note some of the differences in the rules of evidence in the various states. Id. at 5.

In light of these differences, a jury could conceivably need six different sets of instructions, one for each of the states where a Plaintiff was employed. Although the differences in the substantive law might be relatively minor, the potential for confusion is certainly present. Furthermore, the differences in the rules of evidence could allow the jury to consider some evidence as to some Plaintiffs but would require that they be instructed to ignore that same evidence as to other Plaintiffs.[2]

---

[2] The Court recognizes that, depending on the particular evidentiary issue, the Court might apply either federal or state rules of evidence. See Scott v. Sears, Roebuck & Co., 789 F.2d 1052, 1054 (4th Cir. 1986) (holding that "unlike evidentiary rules concerning burdens of proof or presumptions, the admissibility of expert testimony in a federal court sitting in the diversity jurisdiction is controlled by federal law"); Rock-

When faced with a similar joinder of plaintiffs that would require the application of the law of multiple states in a single proceeding, courts have found for severance. For example, in Coleman v. Quaker Oats Co., 232 F.3d 1271 (9th Cir. 2000), ten plaintiffs who had worked for the defendant in six different states brought a single employment discrimination action. The Ninth Circuit affirmed the trial court's severance of the claims which was based in part on the conclusion that "[l]egal confusion was [likely because] the jury would have had to evaluate their state law claim in light of the different laws of each state." Id at 1296; see also, Boschert v. Pfizer, Inc., Civ. No. 08-1714, 2009 WL 1383183 (E.D. Mo. May 14, 2009) (granting severance in part because "four sets of jury instructions would be required to encompass the laws from four different states"). Plaintiffs have pointed to no decision where a court has permitted the joinder of plaintiffs that would require a jury to engage in such a multi-state analysis.

Thus, the Court will sever the claims of the out-of-state Plaintiffs and dismiss them from this action.[3] While Defendant

---

Ola Mfg. Corp. v. Wertz, 282 F.2d 208 (4th Cir. 1960) (holding that parol evidence rule is not merely a rule of evidence but part of the law of contracts and in a diversity action involving that rule, state law is controlling).

[3] This dismissal is without prejudice and the dismissed Plaintiffs can re-file their claims in the appropriate

6

requests that the Court sever the claims of the two Maryland Plaintiffs as well, and dismiss one of those Plaintiffs, the Court finds that unnecessary. The law applicable to their claims would be the same and, as noted above, the differences between their claims would largely go to the calculation of damages.

A separate order will issue.

                                          _____/s/_____
                                          William M. Nickerson
                                          Senior United States District Judge

DATED: May 10, 2011.

---

jurisdictions, keeping in mind that should they elect to file in a federal court, they must satisfy the jurisdictional, pleading, and venue requirements of federal law and rules of civil procedure. See Boschert, 2009 WL 1383183 at *4.